UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GREENLEAF COMPACTION, INC.           CIVIL ACTION

VERSUS           NO. 10-568-JJB-DLD

ABLE WASTE, LLC

## RULING ON MOTION TO SET ASIDE DEFAULT JUDGMENT

The matter is before the Court on a motion (doc. 10) by Defendant, Able Waste, LLC (Able), to set aside a default judgment in favor of plaintiff, Greenleaf Compaction, Inc. (Greenleaf), in the amount of $271,660.57. Oral arguments are not necessary. For the following reasons, Defendant's motion is granted.

This dispute concerns Able's failure to make payments on or return certain equipment it leased from Greenleaf beginning in 2008. Greenleaf filed a breach of contract suit in this Court on August 27, 2010, and summons was served on Mark Creech, President of Able, on October 22, 2010. Creech failed to respond and, as a result, this Court entered a Final Default Judgment against Able on December 15, 2010 in the amount of $271,660.57—a figure calculated based on documentary evidence presented by Greenleaf regarding Able's open-account. On January 12, 2011, Able filed a Motion to Set Aside Default Judgment (see doc. 12).

Able seeks to excuse its tardiness under Fed. Rule Civ. P. 60(b)(1), which allows judgments of default to be set aside in cases of "mistake, inadvertence,

1

surprise, or excusable neglect." Specifically, Able argues Mark Creech's "personal demons"—his alcohol and drugs abuse—prevented a timely response to this lawsuit. This personal problem, Able contends, completely incapacitated its leader and prevented him from conducting normal business during the period in question (doc. 10-3). Able states that Creech first learned about the judgment of default on December 18, 2010, three days after it was entered, and promptly retained counsel to deal with the matter (doc. 10-2). Able filed a proposed answer, which sets forth defenses based on "error and/or mistake" and "credits and/or offsets" (doc. 10-1).

Greenleaf responds by arguing that Able's motion fails to establish justifiable neglect or put forward a meritorious defense to the damages it claims to have proven. Greenleaf contends that the only evidence presented by Able regarding Creech's incapacitation—an affidavit signed by Creech—is insufficient to prove justifiable neglect. Greenleaf also points out that Able's motion contains nothing more than general denials and the vague defenses of mistake and/or error and extinguishment of the obligation. Greenleaf states these are only "conclusory allegations" that do not meet Able's burden of putting forth a meritorious defense (see doc. 12).

Rule 60(b)(1) allows relief from a default judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect" on a motion made within one year of the judgment. The decision to set aside a default judgment rests in

the sound discretion of the trial court. However, where the default is found to be willful rather than inadvertent, the defendant is automatically barred from relief. *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). The Fifth Circuit has provided three factors to be considered in determining if setting aside a default judgment is proper under this rule: (1) whether the default was willful; (2) whether the setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008) (citing *In re Dierschke* at 183).

"Courts may also consider whether the public interest was implicated, whether there was a significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default." *Id.* These factors are not determinative, but merely helpful guidelines in "identifying circumstances which warrant a finding of 'good cause'." *Id*. Recognizing that doubtful cases should, whenever possible, should be resolved by a trial on the merits, default judgments are "generally disfavored by the law." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

Considering the substance abuse problems of Able's president, Mr. Creech, the Court finds that Able's failure to timely answer Greenleaf's complaint was essentially inadvertent and justified as "excusable neglect." Fed. R. Civ. P. 60(b)(1). Furthermore, the Court finds that plaintiff will not be unfairly prejudiced

by setting aside the judgment. The defendant filed the motion to vacate in a timely manner, less than one month after the default judgment was rendered.

The Court likewise rejects Greenleaf's "meritorious defense" argument. While a court may deny a motion to set aside a default judgment when the defendant fails to put forward a "meritorious defense," the proposed answer in this case asserts the defenses of error and offset. In view of the foregoing, the Court will exercise its discretion to set aside the default judgment.

In the alternative, Greenleaf argues that, as a condition for setting aside the default, the Court should require Able to post a bond or security in an amount equal to the default judgment and attorney's fees. The Court exercises its discretion by refusing this request.

Accordingly, Defendant's Motion (doc. 10) to Set Aside Default Judgment is hereby **GRANTED**.

Signed in Baton Rouge, Louisiana, on March 15, 2011.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**