**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GREENLEAF COMPACTION, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-568-JJB-DLD** |
| **ABLE WASTE, LLC** | |

**O R D E R**

This matter is before the court on a referral from the district court of plaintiff's motion for discovery sanctions (rec. doc. 23), which is opposed (rec. doc. 25), along with plaintiff's request for oral argument on the motion (rec. doc. 24)

Plaintiff filed this diversity action seeking "a decree against defendant for the amount of its [contract] claim, $236,521.82, together with interest, costs, and reasonable attorneys' fees." (rec. doc. 1) Plaintiff thereafter set the deposition of Mark S. Creech,[1] the principal and owner of Able Waste, LLC, for July 19, 2011, and Creech failed to appear for the properly noticed deposition. Plaintiff now seeks sanctions for the non-appearance in the amount of $1,473.75; and as additional sanctions, plaintiff also requests either a reinstatement of the default judgment which was set aside by the district judge, or a ruling which prohibits defendant from supporting its defenses and/or opposing plaintiff's claims. (rec. doc. 23-1, pg. 3) In response, defendant admits that Creech failed to appear for the July 19, 2011, deposition, but that Creech's deposition, along with a Rule 30(b)(6) deposition of the defendant, was reset for September 15, 2011, at plaintiff's counsel's office, and that Creech's deposition was held open to be continued on October 6, 2011.

---

[1]Plaintiff's motion, memorandum in support, and affidavit consistently refer to deponent as "Tom Creech," but a review of the attached notice of deposition indicates that the deponent was "Mark S. Creech."

## *GOVERNING LAW AND ANALYSIS*

Pursuant to Federal Rule of Civil Procedure 37(d), the court may order sanctions for failing to appear for a deposition, and those sanctions may include any of the orders listed in Rule 37(b)(2)(a). Rule 37(b)(2)(a) enumerates the following sanctions available to the court:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Rule 37(b)(2)(A)

Rule 37(b)(2)(C) also provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(b)(2)(C).

While the court has broad discretion to issue sanctions, that discretion is not unlimited. Rule 37(b)(2)(A) specifically limits the court's discretion to the issuance of

2

"further just orders," which is in keeping with the purposes behind Rule 37 sanctions: to reimburse the moving party and to deter the violator of the discovery orders. *See, e.g., Day v. Allstate Ins. Co.,* 788 F.2d 1110, 1114 (5th Cir. 1986) Moreover, the Fifth Circuit has emphatically stated that "sanctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances." *E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993). The Fifth Circuit further opined that "[O]ur judicial wisdom commands us not to review supinely the imposition of sanctions, but to remain alert to the possibility of overkill." *Id.*

Turning now to plaintiff's request for expenses for Creech's failure to appear at his own deposition, the court notes that plaintiff's counsel's affidavit indicates that the reasonable expenses of $1,473.75 were for "preparation, travel, attendance and the court reporter," but the expenses are not delineated in any way. (rec.doc.23-3, pg 2). In *Tollett v. City of Kemah*, 285 F.3d 357 (5th Cir. 2002), the court held that a party could not recover as a sanction for discovery violations the costs or attorney fees incurred in preparation for the underlying discovery, since that expense would have been incurred whether the failure to cooperate in discovery occurred or not. Therefore, any costs or attorneys' fees claimed in preparation for the deposition are not recoverable; and, as the deposition was re-set to occur at plaintiff's counsel's offices, the court declines to award expenses for plaintiff's counsel's travel.

Moreover, in order for the court to assess attorneys' fees properly, the court first must determine the number of attorney hours reasonably caused by the failure of defendant to appear for his deposition. As the motion contains only a lump sum request for expenses, without any breakdown or explanation for the amount, the court is unable to determine the initial lodestar fee figure. *See, Johnson v. Georgia Highway Express*, Inc.

3

1488 F.2d 714 (5th Cir. 1974) The same deficiencies in the motion and affidavit (the lump sum request) apply to the court reporter fee expense. Therefore, in light of the above guidelines and plaintiff's lack of specificity with regard to the expenses, which the court considers a circumstance which would make the award of all expenses unjust under Rule 37(b)(2)(C), plaintiff's motion will be granted only to the extent that the court will order sanctions in the amount of $250.00 for the court reporter fee expense.

With regard to plaintiff's request that the default judgment be reinstated, plaintiff recently filed a motion in this regard, and that motion is presently pending and will be decided by the district judge. Finally, plaintiff requests that defendant be prohibited from supporting its defenses or opposing plaintiff's claims. While Creech failed to appear for one deposition, he appeared for the re-set deposition, which was held in plaintiff's councel's offices to avoid travel costs, and coupled with the lack of any violation of a court order, the harsh sanctions requested by plaintiff are "overkill" at this point in time. *See, General Dynamics Corp.*, 999 F.2d at 119 (5th Cir. 1993).

Accordingly,

**IT IS ORDERED** that plaintiff's motion for discovery sanctions (rec. doc. 23) is **GRANTED** only to the extent that court will impose a $250.00 sanction upon defendant for the court reporter fee expense.

**IT IS FURTHER ORDERED** that plaintiff's request for oral argument (rec. doc. 24) is **DISMISSED as MOOT**.

Signed in Baton Rouge, Louisiana, on November 10, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**